# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| JAMES T. TURNER | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * |
| | *   CV 209-013 |
| JOHN T. JONES and | * |
| CITY OF BAXLEY | * |
| | * |
| | * |
| Defendants. | * |

## ORDER

Presently before the Court is Defendant's Motion to Dismiss and Defendant's Motion for Partial Summary Judgment. Dkt. Nos. 46, 52. For the reasons stated below, both motions are **DENIED**.

**BACKGROUND**

On June 6, 2007, Defendant John Jones ("Jones") pulled over a vehicle driven by Plaintiff James Turner ("Plaintiff") for improper lane change. During the traffic stop, Jones and Plaintiff apparently made multiple sarcastic comments to one another. After Jones gave Plaintiff a traffic citation, Jones began to walk back to his cruiser. Plaintiff got out of his

vehicle and also began walking towards the cruiser. Plaintiff claims he was trying to learn Jones's name, and that he said: "What's your name so when I go to the judge I'll make sure I got the right man." Dkt. No. 25, at 15.

The parties' versions of the facts differ somewhat. Plaintiff claims that he walked to the front of Jones's cruiser with the citation and a pen in his hands. Plaintiff claims that he was in front of the headlights of Jones's cruiser, on the driver's side of the vehicle, and that he bent over the hood of the vehicle, ready to write the officer's name on the citation. Id. Jones agrees that Plaintiff approached his vehicle with a pen and the citation in his hands, but states that Plaintiff ran up behind him and that Plaintiff was very close to Jones. Dkt. No. 52-1, at 31.

Regardless of Plaintiff's location and the speed of his approach, all agree that Jones initiated an arrest. According to the Plaintiff, Jones grabbed Plaintiff's arms, forced Plaintiff face-down against the hood of the cruiser, and placed Plaintiff in handcuffs. During all this, Plaintiff's grandson, who was still in Plaintiff's car, called Plaintiff's daughter, Teri Thornton. Thornton arrived at the site of the arrest and asked Jones what was going on. Dkt. No. 18-3, at 4-5. Thornton claims that Jones said, "Your daddy's smart-ass mouth was the cause of this" or words to that effect. Id.

Jones then transported Plaintiff to the Appling County Detention Center and issued Plaintiff a citation for misdemeanor obstruction of a law enforcement officer. The citation stated in the remarks section, "Sub. [Subject] was stopped for improper lane change. R/O [Responding Officer] was walking back to [Patrol Vehicle] subject got out of his vehicle following . . . talking about what he was going to have done." Dkt. No. 18, at 5.

Plaintiff initiated this suit against Defendant Jones and the City of Baxley, alleging various state and federal claims based on the arrest. Dkt. No. 1. Plaintiff claims Jones's actions caused Plaintiff to suffer substantial injuries which will eventually require surgery. Defendants moved for summary judgment on the grounds that Jones is entitled to qualified immunity on the federal claims, that the battery and excessive force claims lack merit, and that the Plaintiff fails to adequately allege claims against the City of Baxley. Dkt. No. 16. This Court granted summary judgment on the qualified immunity issue, the excessive force claim, and on the claims against the City of Baxley. Dkt. No. 29. The Court further declined to exercise supplemental jurisdiction over any remaining state law claims. Id. Plaintiff appealed the decision. Dkt. No. 31. The Eleventh Circuit affirmed in part and reversed in part. Dkt. No. 40. The Eleventh Circuit held

that Jones was not entitled to qualified immunity as a matter of law, stating that whether Jones had arguable probable cause is a matter to be resolved at trial. Dkt. No. 40, at 10 n.4. The Eleventh Circuit affirmed summary judgment on the excessive force claim and on the claims against the City of Baxley. Dkt. No. 40.

Defendant now asks the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Defendant, in a separate motion, moves for partial summary judgment on the issue of Jones's official immunity from Plaintiff's state law claims.

**Motion to Dismiss**

Defendant Jones moves to dismiss the Plaintiff's claims that arise under state law, arguing that the Court should decline to exercise supplemental jurisdiction over these claims. Dkt. No. 46. Relying on 28 U.S.C. § 1367(c)(1) and (2), Defendant presents two primary reasons why the Court should decline jurisdiction.[1] The Court finds both reasons unpersuasive and instead elects to exercise supplemental jurisdiction over Plaintiff's state law claims.

---

[1] Defendant additionally argues that dismissing the state law claims would conserve resources because if the claims are not dismissed the issue of official immunity would need to be briefed and argued on summary judgment prior to trial. At this point, the parties have fully briefed the issue and the Court resolves the official immunity issue in this Order. Thus, Defendant's additional argument is moot.

First, Defendant argues that Plaintiff's state law claims substantially predominate over Plaintiff's federal claims. All of Plaintiff's claims arise from the same operative facts: the arrest on June 6, 2007. Plaintiff asserts both state and federal causes of action based on the circumstances of the arrest. Because the facts in the state and federal claims are identical, and because the legal inquiries in the state and federal claims are similar, it cannot be said that either the state or federal causes of action substantially predominate in this case.

Second, Defendant argues that this dispute involves a complex issue of state law, i.e., determining whether Defendant Jones is entitled to official immunity under Georgia law. The Defendant is mistaken. The question of official immunity under Georgia law is commonly addressed by federal courts. See e.g., Peterson v. Baker, 504 F.3d 1331 (11th Cir. 2007); Allen v. City of Grovetown, 2010 WL 5330563 (S.D. Ga. 2010). Furthermore, the parties to this dispute agree on the substance of the state law governing this dispute. They simply disagree on how that state law should be applied to these facts. Consequently, the application of Georgia's official immunity law to the facts of this dispute is not so complex an issue such as to justify dismissal of Plaintiff's state law claims.

Because the Court has adequate grounds to exercise supplemental jurisdiction over the Plaintiff's state law claims under § 1367(a), and because the Court finds no compelling reason under § 1367(c) to decline jurisdiction, the Court denies Defendant's Motion to Dismiss Plaintiff's state law claims.

**Motion for Partial Summary Judgment**

Defendant Jones moves for partial summary judgment, arguing that he is insulated from all state law claims under Georgia's doctrine of official immunity. Dkt. No. 52-2, at 10.

**A. Summary Judgment Standard**

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Collins v. Homestead Correctional Inst., 2011 WL 4584817 (11th Cir. Oct. 5, 2011) (quoting Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990)); Fed. R. Civ. P. 56(c). The court must view the evidence and draw all inferences in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24

(1986). To discharge this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. The burden then shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "Where the non-movant presents direct evidence that, if believed by the jury, would be sufficient to win at trial, summary judgment is not appropriate even where the movant presents conflicting evidence." State Farm Mut. Auto. Ins. Co. v. Duckworth, 648 F.3d 1216 (11th Cir. 2011) (quoting Mize v. Jeffferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)).

### B. Defendant Jones's Official Immunity

Defendant Jones argues that he is entitled to official immunity as a matter of law. Dkt. No. 52. "The doctrine of official immunity . . . 'protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption.'" McDowell v Smith, 678 S.E.2d 922, 924 (Ga. 2009); Taylor v. Waldo, 709 S.E.2d 278, 281 (Ga. Ct. App. 2011). "A suit against a public officer acting in his or her official capacity will be barred by official immunity unless the public officer (1) negligently performed a *ministerial* duty, or

(2) acted with actual malice or an actual intent to cause injury while performing a *discretionary* duty." Lincoln County v. Edmond, 501 S.E.2d 38, 41 (Ga. Ct. App. 1998) (citing Ga. Const. of 1983, art. I, § II, ¶ IX (d) (as amended 1991) and Teston v. Collins, 459 S.E.2d 452 (1995)) (emphasis in original).

It is well established that "a warrantless arrest for conduct occurring in an officer's presence is a discretionary act." Selvy v. Morrison, 665 S.E.2d 401, 404 (Ga. Ct. App. 2008). Defendant does not dispute that his warrantless arrest of Plaintiff was a discretionary act for the purposes of official immunity. Dkt. No. 52-2, at 6.

When determining whether a public agent is entitled to official immunity for discretionary acts, a court must evaluate the agent's subjective intent. Jordan v. Mosley, 487 F.3d 1350 (11th Cir. 2007) ("Unlike qualified immunity under federal law, we must inquire into [the public agent's] subjective intent to determine whether he has official immunity under Georgia law."). Specifically, a public agent loses the protection of official immunity if the agent acted with "actual malice or intent to injure." Cameron v. Lang, 549 S.E.2d 341, 345 (Ga. 2001).

"Actual malice" refers to "a deliberate intention to do wrong" which is more than simply "reckless disregard for the rights or safety of others." Murphy v. Bajjani, 647 S.E.2d 54, 60 (Ga. 2007) (quoting Merrow v. Hawkins, 467 S.E.2d 336 (Ga.

1996)). The agent's deliberate intention "must be the intent to cause the harm suffered by the plaintiffs." Marchall v. Browning, 712 S.E.2d 71, 68 (Ga. Ct. App. 2011). Like actual malice, the term "intent to cause injury" means the "actual intent to cause harm to the plaintiff, not merely an intent to do the act purportedly resulting in the claimed injury." Id. at 68-69.

Given that the official immunity determination hinges on an evaluation of the public agent's subjective intent, summary judgment is improper where the plaintiff raises a genuine issue of material fact about a public agent's intent in pursuing the discretionary act. See, e.g., Mosely, 487 F.3d 1350 (denying summary judgment on official immunity where plaintiff presented evidence that defendant pursued an arrest warrant to teach the plaintiff a lesson and to collect a civil debt); Bateast v. Dekalb Cnty., 572 S.E.2d 756 (Ga. Ct. App. 2002) (denying summary judgment for defendant police officer who arrested plaintiff for giving a false name where plaintiff presented evidence that she provided adequate identification at time of arrest); Gardner v. Rogers, 480 S.E.2d 217 (Ga. Ct. App. 1996) (denying summary judgment on official immunity to defendant police officer on plaintiff's assault and battery claims where plaintiff presented evidence that defendant acted without

justification in entering plaintiff's home and forcibly subduing the plaintiff).

In his Motion for Partial Summary Judgment, Jones argues that there is no evidence whatsoever to support a showing that he acted with actual malice or intent to injure when he forcibly arrested Plaintiff. Dkt. No. 52. The record reveals otherwise.

Plaintiff's daughter, Teri Thornton, arrived at the scene of the arrest shortly after Jones arrested Plaintiff. Upon arrival, Thornton asked Jones "what was going on." Dkt. No. 18-3, at 4-5. Jones responded, "Your daddy's smart-ass mouth was the cause of this"[2] or words to that effect.[3] Id. Jones's alleged comments to Thornton are sufficient to create a genuine issue of material fact regarding Jones's subjective intent. The citation Jones issued to Plaintiff for obstruction supports Thornton's statement. The citation indicates that Jones arrested Plaintiff for talking about his future intentions to complain about Jones, and provides no indication of a threat to

---

[2] The Court notes that words alone can, in some circumstances, give rise to probable cause to arrest for misdemeanor obstruction of justice. Stryker v. State, 677 S.E.2d 680 (Ga. Ct. App. 2009). Indeed, a jury could reasonably find that Jones's statement reflected his perception that Plaintiff was being arrested for words sufficient to constitute misdemeanor obstruction. In denying summary judgment to the Defendant, the Court is not foreclosing this argument on probable cause, but rather holds that Jones's statements preclude a finding of official immunity as a matter of law.

[3] Jones later claimed that he arrested Plaintiff because he feared for his safety. Dkt. No. 52-1, at 34-35. For the purposes of summary judgment the Court views all facts in the light most favorable to the nonmovant. Therefore, the Court views Jones's possibly inconsistent statements as supporting an inference that Jones arrested Plaintiff for his cantankerous tone and comments.

safety or actual obstruction.[4] Dkt. No. 18, Ex. 2. Furthermore, under Plaintiff's version of the facts, Plaintiff was hunched over the hood of Jones's car, in front of the headlights, in a writing position, at the time Jones initiated the arrest. Dkt. No. 25-1, at 15. Together, these facts could lead a jury to conclude that Jones arrested Plaintiff for comments made during the traffic stop, and without fear for his safety.

Taken in the light most favorable to the Plaintiff, these facts - Jones's statements to Thornton, Jones's justifications for Plaintiff's arrest, and the orientation of the parties just before the arrest - could support a jury's reasonable inference that Jones deliberately intended to wrongfully arrest Plaintiff or to commit battery against Plaintiff. Because Plaintiff has presented evidence which creates a genuine issue of material fact about Jones's subjective intent in arresting Plaintiff, Defendant is not entitled to summary judgment on the issue of official immunity.

The cases Defendant relies on do not support a contrary result. Defendant relies heavily on Selvy v. Morrison, 665 S.E.2d 401 (Ga. Ct. App. 2008). In Selvy, law enforcement officers executed an arrest warrant for the plaintiff's fiancé

---

[4] The obstruction citation is somewhat illegible, but as Plaintiff reads the citation, it says, "Sub.[Subject] was stopped for improper lane change. R/O [Responding Officer] was walking back to [Patrol Vehicle] subject got out of his vehicle following . . . talking about what he was going to have done." Dkt. No. 18, at 5.

at the plaintiff's home. After the fiancé was arrested, the plaintiff asked the officers to leave her home. While blocking the doorway to plaintiff's home, one of the officers made a derogatory comment about the plaintiff's "boyfriends." The plaintiff again asked the officers to leave. During the interchange, both plaintiff and the law enforcement officers used profanity. Shortly thereafter, the officers knocked on the door, forcibly apprehended plaintiff, and arrested her for disorderly conduct. At the police station, the arresting officers denied they were the arresting officers, and told another officer to "fill it out however you want," referring to the reason for the plaintiff's arrest.

The Selvy court held that the evidence did not demonstrate actual malice, and that evidence showing frustration, irrigation, anger, or ill will is insufficient to overcome official immunity. Id. at 406. In doing so, the court carefully distinguished Gardner v. Rogers, 480 S.E.2d 217 (Ga. Ct. App. 1996). Although the arrest in Gardner was factually similar to the Selvy arrest, the court noted that in Gardner the plaintiff presented evidence that the arresting officer had fabricated a ground on which to arrest the plaintiff. Thus, Gardner presented a jury question regarding the officer's subjective intent, given the evidence showing fabrication or a scheme to fabricate the charges.

Jones's statements to Teri Thornton and the comments written on the citation could indicate that Jones arrested Plaintiff for Plaintiff's tone and statements, not for actual obstruction. Plaintiff's claim that he was in a passive, vulnerable posture just before the arrest further supports the allegation that Jones acted with malice when he arrested Plaintiff.

The other cases on which Jones relies are equally distinguishable.[5] In <u>Tittle v. Corso</u>, 569 S.E.2d 873 (Ga. Ct. App. 2002), the plaintiff presented evidence demonstrating rough, but permissible, treatment during a lawful arrest or investigatory stop, coupled with the officer's use of profanity. The plaintiff in <u>Corso</u> did not, however, present any evidence that the arresting officer deliberately intended to do wrong. The court concluded that summary judgment was appropriate where the undisputed evidence completely fails to demonstrate malice. See also <u>Kidd v. Coates</u>, 518 S.E.2d 124 (Ga. 1999) (employing similar reasoning); <u>Valades v. Uslu</u>, 689 S.E.2d 338 (Ga. App. 2009) (employing similar reasoning). Here, as demonstrated above, the parties present conflicting versions of the facts, one of which could support a finding that Jones acted with

---

[5] Defendant also relies on <u>Rodriguez v. Farrell</u>, 280 F.3d 1341 (11th Cir. 2002) for the proposition that the force Jones used when arresting Plaintiff was not excessive, and therefore supports an inference that Jones did not act with malice. However, <u>Rodriguez</u> did not address official immunity or how acceptable levels of force should factor into an actual malice determination. Therefore, <u>Rodriguez</u> has no bearing on this matter.

malice. Consequently, Defendant is not entitled to official immunity as a matter of law.

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss and Motion for Partial Summary Judgment are **DENIED**.

**SO ORDERED**, this 17th day of October, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA